## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID YORK** | : | **CIVIL ACTION** |
| v. | : | |
| **Superintendent JAMES GRACE, et al.** | : | **NO. 07-cv-1839** |

FILED

MAY 25 2007

MICHA___ ____, Clerk
By_____ Dep. Clerk

### MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

Petitioner in the instant matter seeks habeas corpus relief pursuant to AEDPA (more specifically, pursuant to 28 U.S.C. §2254).  By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254.  One such intentionally restrictive gate-keeping condition is AEDPA's so-called ***"second or successive rule"***, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a 28 U.S.C. §2254 habeas if that litigant had at least one prior 28 U.S.C. §2254 habeas that was dismissed with

1

Dockets.Justia.com

prejudice.  For purposes of the second or successive rule, the concept of 'dismissal with

prejudice' means *either:*

    1.      that the prior case was dismissed after merits consideration and denial on the merits; *or,*

    2.      that the prior case was dismissed on grounds of procedural default; *or,*

    3.      that the prior case was dismissed on grounds of AEDPA's statute of limitations.

Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir.

2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir.

1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997).  AEDPA provides in relevant part

that before such a second or successive petition is filed in the district court, the prisoner

must first get permission to file in the district court from the circuit court, pursuant to 28

U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks

subject matter jurisdiction to consider such a habeas petition.  Villot v. Varner, 373 F.3d

327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton,

195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); In re Minarik, 166

F.3d 591 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997). The strict

requirements annunciated in AEDPA's second or successive rule were intentionally

enacted in order to support the Congressional policy of creating finality with respect to

state and federal criminal prosecutions that involve federal constitutional issues.

Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001);

Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

        On May 7, 2007, petitioner filed the above-captioned petition in this court seeking

habeas corpus relief pursuant to 28 U.S.C. §2254.  Petitioner has filed a previous

petition in this court pursuant to 28 U.S.C. §2254, labeled 96-cv-3738, which attacked the same conviction and/or sentence, and which was dismissed after consideration and denial on the merits, which, as previously stated, acts as a dismissal *with* prejudice; accordingly, the second or successive rule *is triggered* in this matter.

Accordingly, this            23rd            Day of May, 2007, it is hereby

**ORDERED** as follows:

1.    Civil Action Number 07-cv-1839 is **DISMISSED WITHOUT PREJUDICE** on the grounds that this court lacks subject matter jurisdiction over it.

2.    The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark 07-cv-1839 as **CLOSED** in this court for all purposes, including statistics.

_____
**JAMES T. GILES, U.S. District Judge**

3